# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:08MD1932-MU

|  |  |  |
|---|---|---|
| **IN RE FAMILY DOLLAR FLSA LITIGATION** | : : : : : : : : | |
| _____ | : | **ORDER** |
| Concerning Fowler v. Family Dollar Stores | : : : : : : | |

This matter is before the Court on Defendant's Motion to Dismiss Opt-In Plaintiff Christina McDermitt for Failure to Intervene (Doc. No. 725); Plaintiff's Opposition (Doc. No. 738); and Defendant's Reply (Doc. No. 740). For the reasons stated herein, Defendant's Motion is GRANTED.

On October 25, 2011, the Court allowed amendment of the Complaint in *Fowler v. Family Dollar Stores* and ordered opt-in plaintiffs in the case to intervene in the amended complaint within fourteen days in order to pursue individual FLSA claims. (Doc. No. 687). As of the date of this Order, Christina McDermitt did not attempt to intervene in the amended complaint. Plaintiff's counsel does not dispute that Ms. McDermitt did not timely intervene in the case. Rather, Plaintiff argues that the Court should dismiss Ms. McDermitt without prejudice because when faced with the same situation in the past, the Court has dismissed such individuals without prejudice. In support of this position, Plaintiff cites to docket entries 88 and 108. A review of these docket entries shows that contention to be false. The Court's October 20, 2008 Order (Doc. No. 88) denied the motion

1

of several individuals to intervene in the case because their claims were time-barred.  (Doc. No. 88).

The Court's March 6, 2009 Order denied an opt-in plaintiff's untimely motion to intervene and

dismissed her claims with prejudice.  (Doc. No. 108).  Therefore, Defendant's Motion to Dismiss

Ms. McDermitt is GRANTED and her claims are dismissed with prejudice.

Family Dollar also asks that Plaintiff be required to pay the costs associated with her

deposition for which she failed to appear.  On October 14, 2011, Family Dollar noticed Ms.

McDermitt's deposition for October 24, 2011.  (Doc. No. 740-1 at 2).  On Sunday, October 23, 2011

at approximately 9:00 p.m., Ms. McDermitt's counsel emailed counsel for Family Dollar that Ms.

McDermitt had a family emergency and needed to reschedule her deposition.  (Doc. No. 740-2 at

2).  Counsel for Family Dollar responded that Ms. McDermitt's "11th hour" attempt to cancel and

reschedule was unacceptable especially in light of the fact that she provided no specifics supporting

the family emergency.  Counsel indicated that he would convene the deposition at 9:30 the next

morning, but was willing to wait to start taking testimony until Ms. McDermitt could arrive and that

he was willing to stay as late as necessary to finish the deposition.  (Id.).  Counsel for Family Dollar

and counsel for Ms. McDermitt appeared for the deposition on October 24, 2011 at 9:30. (Doc. No.

740-3 at 3).  Ms. McDermitt did not appear for her deposition.  Counsel for Family Dollar offered

to take Ms. McDermitt's deposition on October 25 or 26, 2011.  (Id. at 7).  Ms. McDermitt did not

appear on October 25 or 26, 2011.

Counsel for Family Dollar incurred hotel costs on the night of October 23, 2011, which could

not have been avoided as counsel for Ms. McDermitt did not notify Family Dollar that Ms.

McDermitt needed to cancel her deposition until 9:00 p.m. on October 23, 2011, after counsel had

already traveled to Colombus, Ohio and checked into his hotel. Family Dollar also incurred the costs of the court reporter and videographer in connection with Ms. McDermitt's deposition.

Under the circumstances, given that Plaintiff's counsel informed Family Dollar that Ms. McDermitt had to cancel and reschedule her deposition only 12 hours prior to the scheduled deposition and after counsel prepared for the deposition, traveled to Ohio and checked into his hotel, the Court will grant Defendant's request that Plaintiff and/or her counsel be required to pay the Defendant's costs for counsel's hotel expenses for the night of October 23, 2011 as well as the costs of the court reporter and videographer for services rendered on October 24, 2011. Counsel for Family Dollar shall produce invoices for these costs to Plaintiff's counsel within 30 days of the date of this Order and such invoices shall be paid within 30 days of Plaintiff's counsel receiving such invoices.

**THEREFORE IT IS ORDERED** that:

(1)    Defendant's Motion to Dismiss Opt-In Plaintiff Christina McDermitt (Doc. No. 735) is GRANTED.

(2)    Plaintiff's claims against Family Dollar are dismissed with prejudice;

(3)    The Court finds that there is no just reason to delay entry of final judgment for Family Dollar with respect to Plaintiff Christina McDermitt's claims against Family Dollar;

(4)    The Clerk is directed to enter final judgment, pursuant to Rule 54(b), for Family Dollar with respect to Plaintiff Christina McDermitt;

(5)    Defendant's counsel shall provide Plaintiff's counsel copies of invoices for the hotel stay on October 23, 2011 as well as the court reporter and videographer hired for Plaintiff's deposition on October 24, 2011 within thirty (30) days of the date of this Order;

(6)    Ms. McDermitt and/or her counsel SHALL pay Defendant's counsel the costs (as evidenced by invoices submitted to Plaintiff's counsel) of the hotel, court reporter

and videographer hired for Plaintiff's deposition on October 24, 2011within thirty (30) days from the date such invoices are provided to Plaintiff's counsel.

**SO ORDERED**.

Signed: January 3, 2012

Graham C. Mullen
United States District Judge